IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY J. LACEY,

      Petitioner,              No. CIV S-10-0306 GGH P

   vs.

DERRAL ADAMS, et al.,

      Respondent.         ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.

        Petitioner alleges that he was unlawfully validated as a gang member and ordered housed in the security housing unit. The purpose of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is to challenge the legality of confinement. The purpose of a civil rights action pursuant to 42 U.S.C. § 1983 is to challenge the conditions of confinement. Because this action challenges conditions of confinement, the court construes it as a civil rights action. Accordingly, the petition is dismissed with leave to file a civil rights complaint.

        The certificate portion of plaintiff's in forma pauperis application which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period

1

immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983; the petition is dismissed with twenty-eight days to file a civil rights complaint;

2. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint;

3. Plaintiff's motion for appointment of counsel (no. 3) is denied;

4. Plaintiff's motion to proceed in forma pauperis (no. 2) is denied;

5. Plaintiff shall submit, within twenty-eight days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

6. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

7. Plaintiff shall submit, within twenty-eight days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately

\\\\\

1 preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a
2 recommendation that this action be dismissed without prejudice.
3 DATED: February 25, 2010
4                               /s/ Gregory G. Hollows
5                               UNITED STATES MAGISTRATE JUDGE

8 lac306.ord